UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JAY FURTADO, <br> Plaintiff, <br><br> v. <br><br> AMY PAGE OBERG, et al., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 15-312-JJM-LDA |

## ORDER

On the eve of trial, over three years after first being put on notice and four months after Plaintiff Jay Furtado served his expert report, Defendants move to disqualify Mr. Furtado's counsel, claiming that his lawyers are necessary trial witnesses in a case in which they are counsel of record. ECF No. 80. In considering such a motion, the Court must balance a "'party's right to choose its counsel against the need to protect the integrity of the judicial process,' all while recognizing that a party may file such a disqualification motion solely for tactical reasons." *Ponte v. Sage Bank*, No. CA 14-115 S, 2014 WL 3942888, at *1 (D.R.I. Aug. 12, 2014) (quoting *Haffenreffer v. Coleman*, C.A. No. 06–299T, 2007 WL 2972575, at *2 (D.R.I. Oct. 10, 2007)).

Defendants who seek to disqualify an attorney from a case have "a high burden to meet." *In re Yashar*, 713 A.2d 787, 790 (R.I. 1998). Defendants must demonstrate that the attorney's testimony is "relevant to disputed, material questions of fact and that there is no other evidence available to prove those facts." *Carta ex rel. Estate of*

*Carta v. Lumbermens Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006) (internal citation and quotation marks omitted). Defendants have failed to make such a showing here.

And there is an exception to attorney-witness disqualification if disqualification would cause "a substantial hardship on the client." *See* R.I. Rules of Professional Conduct 3.7(a)(3). In this case, the Court finds that Mr. Furtado would suffer such a hardship if he had to change attorneys at this point in the case after so much work has been done at such a financial cost, especially since Defendants have known about his attorneys' involvement for years. Mr. Furtado notified the Defendants in his 2015 complaint that his attorney had relevant knowledge. ECF No. 1 at 9-10 and 15-16. Defendants cannot deny that they knew since at least January 30, 2017 because they listed the attorneys as persons with knowledge in their own answers to Mr. Furtado's interrogatories. ECF No. 80-6 at 5.[1] Granting the motion after this delay and this far into this case would place a substantial hardship on Mr. Furtado. *See* R.I. Rules of Professional Conduct 3.7(a)(3) (no disqualification if it "would work a substantial hardship on the client.").

Therefore, the Court DENIES Defendants' Motion to Disqualify Plaintiff's Counsel as untimely. ECF No. 80.

---

[1] In addition, depositions taken in February 2018 and Mr. Furtado's July 2018 expert report both identified his attorneys as having potential information. ECF No. 80-3 at 3,6; ECF No. 80-1 at 12.

2

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge
November 20, 2018